UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROBERT A. MOORE,

                     Plaintiff,

      v.

ERIC K. SHINSEKI, SECRETARY,
UNITED STATES DEPARTMENT OF VETERANS
AFFAIRS,

                   Defendant.[1]

                               **REPORT**
                              **and**
               **RECOMMENDATION**
        -----------------------------
               **DECISION**
                  **and**
                 **ORDER**

          **06-CV-655A(F)**

_____


APPEARANCES:          MELANIE M. PETERSON, ESQ.
                          Attorney for Plaintiff
                          401 Maryvale Drive
                          Cheektowaga, New York 14225

                          WILLIAM J. HOCHUL, JR.
                          United States Attorney
                          Attorney for Defendant
                          MARY K. ROACH
                          Assistant United States Attorney, of Counsel
                          Federal Centre
                          138 Delaware Avenue
                          Buffalo, New York 14202


## JURISDICTION

     This case was referred to the undersigned by the Honorable Richard J. Arcara

on February 13, 2007 for disposition of all non-dispositive matters and a report and

recommendation on all dispositive issues.  The matter is currently before the court on

Defendant's motion to dismiss (Doc. No. 9), filed February 9, 2007, and Plaintiff's

_____

[1] On January 21, 2009, Eric K. Shinseki became Commissioner of Veterans Affairs and, pursuant to Fed.R.Civ.P. 25 (d), is substituted for "R. James Nicholson, Secretary, United States Department of Veterans Affairs" as the defendant in this action.

motion to appoint counsel (Doc. No. 22), filed September 6, 2007.[2]

## BACKGROUND

Plaintiff, Robert A. Moore ("Plaintiff" or "Moore"), commenced this action, *pro se*, on September 29, 2006 alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII") and the American with Disabilities Act of 1990, 42 U.S.C. § 12112-12117 ("the ADA"). Plaintiff claims his former employer, the United States Department of Veterans Affairs ("Defendant" or "the Department") discharged Plaintiff on May 14, 1993 because of his race and disability. Defendant maintains Plaintiff was discharged because of his poor work attendance and need for excessive supervision.

In lieu of an answer, Defendant filed, pursuant to Fed.R.Civ.P. 12(b)(1), and 12(b)(6), the instant motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim based on the untimeliness of the instant action (Doc. No. 9) ("Defendant's motion"). On March 19, 2007, Plaintiff filed his opposition to Defendant's motion (Doc. No. 16) ("Plaintiff's Response"). Defendant filed, on April 20, 2007, a Reply Memorandum of Law (Doc. No 17) ("Defendant's Reply Memorandum").

On June 4, 2007, Defendant filed the Declaration of Mary K. Roach, Assistant United States Attorney (Doc. No. 18) ("Roach Declaration") requesting an evidentiary hearing directed to Plaintiff's assertion that neither Plaintiff nor his non-lawyer

---

[2] As Defendant's motion to dismiss seeks dispositive relief and Plaintiff's motion to appoint counsel seeks non-dispositive relief, the court addresses both motions in this combined Report and Recommendation and Decision and Order.

representative, Robert C. Laity ("Laity"), had received timely copies of a September 8, 2005 decision by the Office of Federal Operations of the Equal Employment Opportunity Commission ("the OFO"), thereby equitably tolling the relevant statute of limitations.[3]  On September 6, 2007, Plaintiff filed a motion to appoint counsel (Doc. No. 22) ("Plaintiff's motion").  On October 30, 2007, Melanie M. Peterson filed an appearance as Plaintiff's counsel, *pro bono*.[4]  (Doc. No. 26).

Defendant filed, on October 30, 2007, a Pre-Hearing Submission (Doc. No. 23) ("Defendant's Pre-Hearing Submission") with Exhibits A - G ("Defendant's Pre-Hearing Exh.(s) ___").  On October 30, 2007, Plaintiff filed Plaintiff's Pre-Hearing Memorandum of Law (Doc. No. 25) ("Plaintiff's Pre-Hearing Memorandum of Law") along with Exhibits 1 - 6 (Plaintiff's Pre-Hearing Exh.(s) ___").  An evidentiary hearing was conducted by the court on November 6, and November 19, 2007.

At the hearing, the court received testimony from Moore, Laity, Debra McCallum, an assistant general counsel in the Department's Office of General Counsel ("OGC")

---

[3]  The cases on which Defendant relied in support of the evidentiary hearing request, Roach Declaration at 5-6, *e.g.*, *O'Neal v. Marine Midland Bank, N.A.*, 848 F.Supp. 413, 422-23 (W.D.N.Y), *aff'd*, 60 F.3d 812 (2d Cir. 1995), were before the respective courts on motions for summary judgment, whereas the instant motion seeks dismissal based on a lack of subject matter jurisdiction.  In order to grant the relief sought by Defendant, the court need not, however, convert Defendant's motion to one for summary judgment because the Second Circuit, in *Alliance for Environmental Renewal, Inc. v. Pyramid Crossgates Company*, 436 F.3d 82, 88 (2d Cir. 2006), recognized that among the sanctioned procedures for resolving a motion to dismiss for lack of subject matter jurisdiction involving a disputed issue of fact regarding the existence of subject matter jurisdiction is to conduct an evidentiary hearing limited to the issue of subject matter jurisdiction, provided none of the arguments presented on the issue involves a factual issue pertaining to the merits of the case, triable to a jury pursuant to the Seventh Amendment, which, here, they do not.  *See Traggis v. St. Barbara's Greek Orthodox Church*, 851 F.2d 584, 587 (2d Cir. 1988) ("'the courts have consistently held that neither party has a right to a jury trial' in Title VII cases.") (quoting *Great America Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 375 (1979)) (implying, without deciding, that Seventh Amendment affords no entitlement to a jury trial in Title VII actions).  The court's research reveals no authority suggesting that the Seventh Amendment right to a jury trial attaches to an issue of fact relevant to a statute of limitations defense as presented in this case.

[4]  The court expresses its gratitude to Ms. Peterson for her diligent representation.

("McCallum"), and Robert J. Barnhart, director of compliance and acting director of federal programs for the OFO appeals unit of the Equal Employment Opportunity Commission ("EEOC") ("Barnhart"). Plaintiff's Exhibits 1 - 15, except Plaintiff's Exhibit 12, were received in evidence as were Defendant's Exhibits A - D.[5] The parties also jointly submitted copies of the Department's complaint file regarding Plaintiff's discharge and discrimination claims against the Department ("Complaint File") to assist the court. On November 19, 2007, the parties submitted the Stipulation Regarding Testimony of Richard Nelson, Defendant's Human Resources Specialist, attaching Exhibits A and B, as Joint Exhibit 1.

On June 3, 2008, Plaintiff filed a Post-Hearing Memorandum of Law (Doc. No. 41) ("Plaintiff's Post-Hearing Memorandum"), Defendant filed Defendant's Proposed Findings of Fact and Conclusion of Law (Doc. No. 40) ("Defendant's Proposed Findings") with Exhibits 1 - 9 ("Defendant's Proposed Findings and Conclusions Exh.(s) __"). Also, on June 3, 2008, the parties filed a stipulation stating Plaintiff's period of incarceration in a state prison ("Incarceration Stipulation") and agreed to the admissibility of Plaintiff's Exhibit 12 (Doc. No. 38). On June 17, 2008, Plaintiff filed a Post-Hearing Reply Memorandum of Law (Doc. No. 43) ("Plaintiff's Post-Hearing Reply") and Defendant filed a Reply to Plaintiff's Post-Hearing Memorandum (Doc. No. 42) ("Defendant's Reply").

To supplement the record, at the court's request, Defendant submitted on December 8, 2008, a letter from Assistant United States Attorney Mary K. Roach

[5] Defendant's Exh. A are copies of Defendant's OGC file on Moore's OFO appeal; Defendant's Exh. B are copies of the OFO's file regarding Moore's Request for Reconsideration; Defendant's Exh. C is the OFO appeal file; Defendant's Exh. D is a copy of the EEOC Form 573. Tr. I at 226-237.

("AUSA Roach") (Doc. No. 45) ("AUSA Roach Letter I") along with Exhibits A - C ("AUSA Letter I Exh.(s) __"), on March 17, 2009, a letter from AUSA Roach ("AUSA Roach Letter II") (Doc. No. 47) and, on May 5, 2009, a letter from AUSA Roach ("AUSA Roach Letter III") (Doc. No. 48) with an attached exhibit ("AUSA Roach Letter III Exh. A").  Plaintiff has no objection to the court's reliance on AUSA Roach Letters I - III (Doc. Nos. 45, 47, and 48).  On June 5 and 8, 2009, the parties further supplemented the record with copies of correspondence and documents related to Plaintiff's administrative appeals prior to the instant action ("Supplemental Records") and stipulated this material into the record on March 16, 2010 (Doc. No. 50).  Also on March 16, 2010, the parties further stipulated in evidence to Court Exhibit A (Doc. No. 49) and Court Exhibit B (Doc. No. 51).

Oral argument was deemed unnecessary.  Based on the following, Defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) should be GRANTED; alternatively, Defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) should be treated as one seeking summary judgment and, as such, GRANTED.  Plaintiff's motion should be DISMISSED as moot.

## FACTS[6]

Moore, an African-American, was employed as a food service worker at the Department's Medical Center in Buffalo, New York ("the hospital"), when he was terminated on May 14, 1993, before expiration of his probationary period, for

---

[6]  Taken from the record, including the pleadings, papers, and transcript of the evidentiary hearing, filed in this action.

attendance and job performance problems.  Plaintiff's Exh. 4 ¶ 1.  Court Exhibit A.  At

that time, Moore's address was 77 Humber Avenue, Upper, Buffalo, New York.  Court

Exhibit A.  Moore appealed his discharge to the United States Merit Systems Protection

Board ("MSPB") which dismissed Moore's appeal on October 13, 1993 for lack of

jurisdiction.  Tr. I at 73;[7] Court Exh. B; *Moore v. Dep't of Veterans* Affairs, EEOC Appeal

No. 01956594, 1996 WL 710968, at *1-2 (EEOC Dec. 6, 1996) ("Moore EEOC

Decision").  In connection with Moore's 1993 appeal to the MSPB, Moore was

represented by an attorney, Tr. I at 73, and used 1395 E. Delavan Avenue, Buffalo,

New York, for his mailing address.  Court Exh. B (MSPB dismissal of Moore's July 16,

1993 appeal to MSPB) at Certificate of Service .  There is no indication in the record

that Laity was involved in this proceeding.

     In 1995, Moore resumed work at the hospital under a Compensated Work

Therapy Worker program, Plaintiff's Exh. 3 at 3, and filed a discrimination claim

regarding his 1993 termination.  Tr. I at 73; Complaint Attachment 1 ("the EEO

Complaint" or "Moore's EEO Complaint").  The EEO Complaint was dismissed by the

Department because of Moore's failure upon returning to work, in 1995, to consult

timely with an EEO counselor regarding his 1993 termination, a prerequisite to filing the

EEO Complaint.  Complaint File (C-2) at 3; Moore EEOC Decision at *2.  After Moore's

appeal to the OFO of the Department's dismissal of the EEO Complaint was rejected,

Moore EEOC Decision at *1, Complaint File at C-6 (Letter to Moore at 201 Goulding

Avenue, Buffalo, New York from Neal C. Lawson, Esq., OGC, dated August 28, 1995),

---

[7] "Tr. I at ___" refers to the transcript of the November 6, 2007 hearing; "Tr. II at ___" refers to
the transcript of the November 19, 2007 hearing.

upon Moore's request for reconsideration, filed September 20, 1996, *id.* at 1, by Laity

as Moore's representative, Complaint File (C-1) at 3, the OFO directed the Department

to investigate the EEO Complaint based, *inter alia*, on the Department's failure to

advise Moore timely of his right to consult an EEO counselor following his 1993

discharge.  Moore EEOC Decision at *2.

In accordance with the OFO's directive, the Department conducted, in February

1997, an investigation of the EEO Complaint, and a copy of the investigator's report,

dated February 24, 1997, recommending that the Department's EEO Officer find the

EEO Complaint to be without merit, was mailed to Moore at 201 Goulding Avenue,

Buffalo, New York ("201 Goulding Avenue").  Supplemental Records (Transmittal Letter

of Richard S. Droske, EEO Officer, VA Western New York Heathcare System dated

April 9, 1997) at 1.  Laity, on behalf of Moore, requested a hearing before an EEOC

administrative judge on April 13, 1997.  Supplemental Records at 4.  On May 22, 1997,

in a communication to the administrative judge assigned to the EEO Complaint by the

EEOC's New York District Office, Moore designated Laity as his representative in

connection with the prosecution of his EEO Complaint against the Department before

the EEOC, Supplemental Records at 9, and stated 396 Edison Street, Buffalo, New

York ("396 Edison Street") as his mailing address.[8]  *Id.*  While Moore's request for an

EEOC hearing on his EEO Complaint was pending, on February 27, 1998, Moore,

through Laity, filed a petition with the MSPB seeking a determination that the MSPB's

---

[8]  29 C.F.R. § 1614.605(a) permits a complainant to be represented and advised by a
representative of complainant's choice.  All correspondence in the proceeding must be sent to the
representative with a copy to the complainant.  29 C.F.R. § 1614.605(d).  The complainant "shall at all
times be responsible for proceeding with the complaint whether or not he or she has designated a
representative."  29 C.F.R. § 1614.605(e).

1993 dismissal should be reconsidered based on new evidence supporting Moore's contention that he was not a probationary employee but, rather, was a permanent employee at the time of his 1993 termination and therefore entitled to greater administrative rights in processing his termination by the Department. Supplemental Records at 17. On May 5, 1998, the OFO notified Moore it had closed Moore's appeal file based on Moore's appeal to the MSPB and mailed this notice to Moore at his address at 396 Edison Street with a copy to Laity. Supplemental Records at 10. The MSPB denied Moore's petition on November 17, 1998, and mailed copies of its denial to Moore at 396 Edison Street and to Laity at his residence at 43 Mosher Drive, Tonawanda, New York ("43 Mosher Drive"). Supplemental Records at 21; AUSA Roach Letter II ¶ 1.

On behalf of Moore, Laity appealed the MSPB's denial on November 27, 1998 by petition to the OFO, Supplemental Records at 11; AUSA Roach Letter II, Exh. A at 1, noting in the petition a change of address for Moore at that time to 201 Goulding Street. AUSA Roach Letter III, Exh. A at 2. The Certificate of Service for this appeal did not indicate a copy of the certificate had been sent to the EEOC's New York District Office. *Id.* Despite this notice, Moore's petition to the OFO was docketed by the OFO on December 9, 1998, using 396 Edison Street as Moore's mailing address. AUSA Roach Letter II ¶ 3. The OFO denied Moore's petition on April 19, 1999, based on a lack of EEOC jurisdiction to review the procedural ground for the MSPB's denial of Moore's February 27, 1998 MSPB petition. Supplemental Records at 34-35. Asserting a one and one-half year delay in receiving a copy of the OFO's denial, Supplemental Records at 32, Laity requested, on Moore's behalf, on September 27, 2000, the EEOC conduct a

hearing before an EEOC administrative judge ("AJ") on the EEO Complaint.[9]  *Id.*  The request provided no address for Moore.  *Id.*

On December 5, 2000, EEOC Administrative Judge ("AJ") David E. Licht ("AJ Licht"), at the EEOC's New York District Office in New York City and assigned to Moore's case, directed the Department provide Moore's case file to him for scheduling the hearing requested by Laity, Supplemental Records at 37; on January 8, 2001, AJ Licht directed the parties file witness lists and other information in preparation for the hearing, Plaintiff's Exh. 13 at 1-4, a copy of which was sent to Moore at 396 Edison Street, and to Laity at 43 Mosher Drive.  Plaintiff's Exh. 13 at 6 ("Acknowledgment Order" or "Order").  According to Laity, Moore lived at 396 Edison Street prior to and for some period during early 2001.  Tr. II at 287-88 ("I [Laity] believed he [Moore] moved in 2001") (bracketed material added).[10]  Moore acknowledged his residence at 396 Edison Street but was unable to recall when he left that address.  Tr. I at 37.  The EEOC's Certificate of Service for the Acknowledgment Order noted that the Order had been mailed to Moore at 396 Edison Street.  Plaintiff's Exh. 13 at 6.  Although Laity's September 27, 2000 request for a hearing before an EEOC administrative judge did not indicate an address for Moore, Supplemental Record at 32, the Department sent its response to AJ Licht at the EEOC District Office in New York City on January 25, 2001, and mailed copies of the response to Moore at 396 Edison Street, and Laity at 43 Mosher Street as stated in the Department's response's certificate of service.  Plaintiff's

---

[9]  29 C.F.R. § 1614.108(f) - (g) (permitting complainant to request a hearing by EEOC administrative judge on discrimination complaint within 30 days of receipt of investigative file from agency or after 180 days from filing of complaint).

[10]  Unless otherwise indicated, all material in brackets is added.

Exh. 14 at 3.  After receiving the Department's response, on February 2, 2001, Laity testified he informed the EEOC in writing, *inter alia*, of a new address for Moore at 77 Humber Avenue, Buffalo, New York ("77 Humber Avenue"), and that Moore had no objection to the Department's proposed witnesses, Plaintiff's Exh. 1, Tr. I at 81-83; Laity mailed a copy of this statement to Richard Billger, the Department's representative at that time, at the hospital which was located in Billger's file.  Joint Exh. 1, Exh. A.

Because the EEOC's New York District Office had been located in the World Trade Center, following the September 11, 2001 attack, Laity telephoned AJ Licht at the EEOC's new district office at Whitehall Street to inquire about the status of Moore's hearing file and orally informed AJ Licht of Moore's new 77 Humber Avenue address. Tr. I at 83-85.  According to Laity, AJ Licht told Laity that he had preserved Moore's file, and that Laity should confirm Moore's new address to AJ Licht in writing.  Tr. I at 78. However, Laity testified that although he sent such a confirmation letter to AJ Licht at that time, Laity could not produce a copy of the letter nor confirm its receipt had been acknowledged by the EEOC New York District Office.  Tr. I at 85.  Because Moore was then scheduled to commence serving a state prison sentence, at Laity's request, the EEOC delayed action on Moore's case during the period of Moore's incarceration, which began in early 2002, until Moore's release in late 2003.  Tr. II at 144-45; Plaintiff's Exh. 15; Incarceration Stipulation.  Laity did not advise the EEOC of Moore's place of incarceration during this period.  Tr. II at 282.  Approximately two years later, in anticipation of Moore's release, Laity requested, on December 3, 2003, that the EEOC schedule the hearing before an AJ on the EEO Complaint as Laity had earlier requested.  Tr. I at 145; Plaintiff's Exh. 15.

On December 6, 2003, AJ Kevin J. Berry, an EEOC administrative judge to whom Moore's case had been reassigned ("AJ Berry"), Tr. I at 144; Tr. II at 356, issued a Notice of Intent to Issue Decision Without a Hearing ("the Notice of Intent") on the EEO Complaint. Tr. I at 84-87; Plaintiff's Exh. 2. Acting on Moore's behalf, Laity filed, on December 26, 2003, a Response to Notice of Intent to Issue Decision Without a Hearing ("Response to Notice of Intent"). Tr. I at 89; Plaintiff's Exh. 3. Because the Notice of Intent indicated it had been mailed by the EEOC New York District Office to Moore at 396 Edison Street, Laity noted, using a blue highlighter, in the certificate of service Laity attached to the Response to the Notice of Intent, that Moore's correct mailing address was at 77 Humber Avenue. Tr. I at 89-93; Plaintiff's Exh. 3 at 12.

On January 8, 2004, AJ Berry issued a decision dismissing Moore's EEO Complaint. Tr. I at 100-03; Plaintiff's Exh. 4 ("the AJ Berry Decision"). The EEOC's New York District Office mailed a copy of the AJ Berry Decision to Moore at 396 Edison Street and Laity at 43 Mosher Drive. Tr. I at 101; Plaintiff's Exh. 4 at 6. By letter dated January 15, 2004, Laity wrote to AJ Berry, Plaintiff's Exh. 5, with a copy to Billger, stating that, at that time, Moore's correct address was 77 Humber Avenue. Plaintiff's Exh. 5; Tr. I at 101. Laity received no acknowledgment that his letter to AJ Berry had been received, Tr. II at 305, and no copy of Laity's letter to AJ Berry was found in Billger's file. Tr. I at 169, 220; Joint Exh. 1. Laity was then aware that any appeal of the AJ Berry Decision was to the OFO in Washington, D.C., Tr. II at 292, but Laity did not send a copy of the letter to the OFO, *id,* nor was a copy included in the file for Moore's EEO Complaint before AJ Berry, Tr. I at 168-69, which was later transmitted to the OFO in connection with Moore's appeal. The AJ Berry Decision advised Moore, as a

complainant who may intend to appeal to the OFO, that he may wish to consult EEOC Management Directive MD-110 which recommends complainants use EEOC Form 573 in filing an appeal to the OFO. Plaintiff's Exh. 4 at 4; Tr. I at 237.[11]

On Moore's behalf, Laity appealed the AJ Berry Decision to the OFO on March 9, 2004. Tr. I at 115; Plaintiff's Exh. 6 at 1. In the appeal document, prepared by Laity, Laity noted that the record on appeal should include Moore's Response to the Notice of Intent, which would have also included Laity's certificate of service noting Moore's new address at 77 Humber Avenue, Tr. I at 110-13; Plaintiff's Exh. 6 at 3-4; Facts, *supra*, at 11, however, the appeal document submitted to the OFO challenging the AJ Berry Decision, as prepared by Laity, made no reference to Moore's address at 77 Humber Avenue. Tr. I at 209; Tr. II at 307. The appeal file relating to the AJ Berry Decision forwarded to the OFO did not include Moore's Response to the Notice of Intent, Tr. I at 183; Tr. I at 216.

That such records did not become part of Moore's appeal file before the OFO was the result of an apparent oversight by AJ Berry in failing to send a copy to the Department's Office of Employment Discrimination Complaint Adjudication ("OEDCA"). Tr. I at 216-18. The letter from OFO acknowledging Moore's appeal, which at that time

---

[11] Management Directive 110, Federal Sector Complaint Processing Manual ("MD-110" or "the Management Directive"), Ch. 9(III)(F) "Submission of Case File," states

> The agency must submit the complaint file to OFO within 30 days of notification that the complainant has filed an appeal; or within 30 days of submission of an appeal by the agency. If the complaint was adjudicated by an Administrative Judge, the complaint file must include all documents issued by or served on the Administrative Judge, including, but not limited to, all correspondence to and from the Administrative Judge, orders from the Administrative Judge, and motions and briefs of the parties . . . .

Plaintiff's Pre-Hearing Memorandum of Law at 5-6 (citing Management Directive 110, Ch. 9) (underlining added).

was not required to be sent to a representative such as Laity, reminding the complainant appellant to keep the OFO informed of a current mailing address, was sent to Moore at 396 Edison Street, but, because of an administrative policy at the time, may not have been sent to Laity. Tr. I at 235-37. The OFO does not receive appeal documents directly from an EEOC administrative judge, Tr. I at 220; as regards any appeals to the OFO involving job discrimination claims against the Department, such documents are assembled by the Department's OEDCA. Tr. I at 149, 212, 218.

Instead of mailing his decision dismissing Moore's EEO Complaint to the OEDCA as required, Tr. I at 186, 188, AJ Berry mailed a copy only to Billger, which was not part of the "normal . . . process," Tr. I at 157. Upon receiving the AJ Berry Decision, Billger apparently "stuck it in a folder in his [desk] drawer, and . . . retired." Tr. I at 157. In preparing the OGC's response to Moore's appeal, the document was later retrieved and forwarded to the OGC. *Id.* at 175. Upon receiving notice of Moore's appeal from the OFO, the OGC requested Moore's file from the OEDCA, Tr. I at 155-56, but as the AJ Berry Decision had not been filed by AJ Berry with the OEDCA, the OEDCA only had a copy of the Department's investigative file on Moore's EEO complaint, but not the AJ Berry Decision, Tr. I at 156, nor the Response to the Notice of Intent, Plaintiff's Exh. 3, or Laity's letter of January 15, 2004, Plaintiff's Exh. 5, advising AJ Berry of Moore's 77 Humber Avenue address. Tr. I at 182-83.

Upon docketing an appeal from an EEOC administrative judge's decision, the OFO requires the agency involved, here the Department, to assemble the complainant's file by sending the agency a checklist directing the agency to transmit to the OFO all documentation submitted by the parties to the administrative judge. Tr. I at

198-200, 212, 217-18; Defendant's Exh. A; MD-110.  The OGC, in complying with this request, did not attempt to obtain all of the papers filed with AJ Berry, Tr. I at 200, nor did the OGC request copies from Laity, *id.* at 200-01.  However, the OFO guidelines for assembling the appeal file require only that the agency involved in the EEO complaint (the Department in this case) submit documents in its, the OEDCA's, file, and do not require the agency to make inquiries and obtain documents not included in the OEDCA's file that may then remain lodged with the administrative judge whose decision is being appealed.  Tr. I at 202.

In this case, after receiving Moore's appeal, the OFO did not request the OGC obtain copies of Moore's Response to the Notice of Intent, nor the Department's response to the Notice of Intent, which were therefore not included in Moore's appeal file for review by the OFO.  Tr. I at 203.  McCallum acknowledged she failed to thoroughly investigate the matter by inquiry to AJ Berry in order to obtain and forward to the OGC all of the documents in his file, presumably including Plaintiff's Exh. 5, if it was included in AJ Berry's file, and the Response to the Notice of Intent, Plaintiff's Exh. 3. Tr. I at 200.  Had these documents been transmitted by AJ Berry, or the OGC, to the OEDCA and thereby provided to the OFO, according to McCallum, both the OGC and OFO would have learned of Moore's address at 77 Humber Avenue.  Tr. I at 188.  The evidence does not explain why, as part of the OFO's consideration of Moore's appeal, OFO staff attorneys did not seek to review the Response to the Notice of Intent, despite the fact it was referenced in Moore's appeal document, which contained Moore's new address in the certificate of service, and request the OGC to obtain it, but they were not required to do so.  Plaintiff's Exh. 3 at 12, Tr. I at 245-47.

Nor did Laity elect to use EEOC Form 573, which the EEOC recommended, but at that time did not require, Tr. I at 210, to be used by complainants in taking appeals to the OFO; the form directs complainants who appeal to the OFO to include their current mailing address on the form. Defendant's Exh. D at 1; Tr. I at 243. In the absence of a final agency decision by the Department, based on the AJ Berry Decision that dismissed Moore's EEO Complaint in the Department's favor, no Form 573 was included with a final agency decision by the Department to Moore or Laity. Tr. I at 243. Laity stated he would not have used the Form 573 in filing Moore's OFO appeal if it was not then required. Tr. II at 303. Because he expected the OFO to know of Moore's address at 77 Humber Avenue, based on Moore's November 27, 1998 appeal to the OFO of Moore's prior unsuccessful February 27, 1998 appeal to the MSPB, Tr. II at 313, as well as Laity's attempts to inform the EEOC New York District Office of this address, specifically through Plaintiff's Exhs. 1, 3, and 5, Laity did not include Moore's 77 Humber Avenue address in the 2004 appeal documents, Plaintiff's Exh. 6, he filed on Moore's behalf with the OFO on March 9, 2004 challenging the AJ Berry Decision. Tr. II at 295-97; 308; 315-17. The Department's response to Moore's appeal was filed on July 9, 2004, and a copy mailed to Moore at 396 Edison Street the most recent address for Moore then on file with the Department, Tr. I at 158-59, which was not returned by the U.S. Postal Service as undeliverable. Tr. I at 160.

Because Moore's March 9, 2004 appeal document, prepared and filed by Laity with the OFO did not include a mailing address for Moore, for the OFO's use in recording and processing Moore's appeal, a search by the OFO of its records to locate such an address revealed Moore's 1999 interlocutory appeal to the OFO of the 1998

MSPB ruling dismissing Moore's mixed-case claim which indicated 396 Edison Street as Moore's then mailing address. Tr. I at 209-10; AUSA Roach Letter II ¶ 4; AUSA Roach Letter III at 1. In the absence of any prior record of a mailing address for Moore, such as the 396 Edison Street address, that could then be located in its files, the OFO would have contacted Laity to obtain such information. Tr. II at 214-15. Based on the address information for Moore then located in its files, mailing labels, prepared by the OFO staff – 396 Edison Street for Moore, 43 Mosher Drive for Laity, and the OGC's Washington office address for the OGC – were used by the OFO to mail copies of the OFO's denial, the OFO issued on June 8, 2005, Plaintiff's Exh. 7, of Moore's appeal. Tr. I at 225-26.

Because of the problems Laity's encountered with the EEOC New York District Office's failure to change Moore's mailing address to 77 Humber Avenue in accordance with Laity's attempts to notify the EEOC New York District Office and AJ Berry of this address for Moore prior to his OFO appeal, Laity assumed Moore had not received a copy of the OFO's June 8, 2005 decision denying Moore's appeal, Plaintiff's Exh. 7, Tr. II at 311-12, but, because Laity, as Moore's representative, had up to that time received, all of the EEOC's documents issued by it in Moore's case, including the OFO June 8, 2005 denial of Moore's appeal, Laity did not think it was necessary to advise the OFO directly that a copy of its June 8, 2005 decision may not, but should, have been mailed to Moore at 77 Humber Avenue. Tr. II at 312. Laity was aware of the EEOC regulation requiring complainants, like Moore, to keep the EEOC informed of changes in the complainant's address. Tr. II at 286.

By papers filed with the OFO on July 13, 2005, Laity requested reconsideration

of its denial of Moore's appeal.  Plaintiff's Exh. 8 ("Request for Reconsideration").  Tr. I at 121, 123, 223.  As with Laity's March 9, 2004 appeal documents to the OFO of the AJ Berry Decision, the Request for Reconsideration filed by Laity with the OFO did not include 77 Humber Avenue as Moore's then correct mailing address, nor any other address for Moore.  Tr. I at 224; Tr. II at 313.  The OFO denied Moore's Request for Reconsideration on September 8, 2005 ("the denial" or "the OFO's denial"), Plaintiff's Exh. 9, and again, in the absence of any more recent address information for Moore, relying on the information as previously available to it and located in its records, mailed copies of the denial to Moore at 396 Edison Street, Laity at 43 Mosher Drive, and the OGC in Washington, D.C., on the same day, September 8, 2005, using another set of pre-printed mailing labels that had been prepared by the OFO staff upon receiving the Request for Reconsideration using the same procedures that it used to process Moore's appeal.  Tr. I at 225-27.  The copy of the denial OFO mailed to the OGC was found in the OGC's file along with the related mailing envelope, which included the preprinted label prepared by the OFO staff and addressed to the OGC, post-marked September 8, 2005.  Tr. I at 226; Defendant's Exh. A at 8.  As well, a copy of OFO's June 8, 2005 dismissal of Moore's appeal was also found in the OGC's file along with the preprinted address label.  Defendant's Exh. A at 33.  No mail to Moore or Laity from the OFO since 2002 was returned to the OFO as undeliverable by the U.S. Postal Service.  Tr. I at 225-26.  Notwithstanding Laity's prior attempts, as stated by Laity, to inform AJ Berry of Moore's address at 77 Humber Avenue, the OFO maintained that under the "continuing requirement" Moore was obliged to keep the OFO "apprised of [his] current address."  Tr. I at 249.

In response to Moore's question, sometime in February 2006, to Laity regarding the status of his appeal to the OFO, Tr. II at 270, Laity sent a letter dated February 16, 2006, to the OFO inquiring as to the status of Moore's appeal, Tr. II at 274, Plaintiff's Exh. 10, and eventually learned from the OFO in a phone call with an OFO attorney on July 24, 2006, of the OFO's denial of Moore's Request for Reconsideration, Tr. II at 329. A "cc" at the foot of the letter, indicated a copy of it had been sent to Moore at 77 Humber Avenue. Plaintiff's Exh. 10. At Laity's telephonic request to an OFO attorney on July 24, 2006, the OFO mailed a copy of the denial to Laity at 43 Mosher Drive which was received by Laity on August 7, 2006. Tr. I at 124, 131. The OFO also mailed on August 4, 2006, a copy of the denial to Moore at 396 Edison Street. Plaintiff's Exh. 12; Tr. II at 337. In August 2006, Laity provided Moore with a copy of the OFO's transmittal letter of August 4, 2006 enclosing a copy of the denial. Tr. II at 332.

## DISCUSSION

**I.    Motion to Dismiss.**

Defendant seeks dismissal on the ground that as Moore's claims are time-barred, this court lacks subject matter jurisdiction over this action and, alternatively, that the Complaint fails to state a claim. Defendant's Memorandum at 2-3. Specifically, Defendant maintains Moore failed to commence suit within 90 days of his presumed receipt at 396 Edison Street of the denial representing the final agency action by the Department on Moore's EEO Complaint, as required by 42 U.S.C. § 2000e-16(c) (" § 2000e-16(c)"), and because of Moore's failure to meet this prerequisite for an

employment discrimination claim against the federal government as his employer, dismissal on this ground is mandated.  Defendant's Memorandum at 5-6, 10-11.

Moore opposed Defendant's motion asserting that, through no fault attributable to him, the OFO mailed its Request for Reconsideration denial to Moore at 396 Edison Street, rather than 77 Humber Avenue, his alleged current address, and as a result, Moore never received a copy of the denial sufficient to commence the running of the 90-day limitations period within which to commence his employment discrimination action required by § 2000e-16(c) until Moore received a copy from Laity in August 2006. Plaintiff's Pre-Hearing Memorandum at 3; Plaintiff's Post-Hearing Memorandum at 12. Moore therefore contends that this action is timely because the 90-day period did not accrue before the action was filed until August 2006 as Moore never received the denial from the OFO or, alternatively, the doctrine of equitable tolling applies to exclude the period following the mailing of the denial by the OFO on September 8, 2005, addressed, erroneously as Moore claims, without Moore's fault, to Moore at 396 Edison Street, to the date Moore received a copy from Laity in August 2006 prior the date the action was commenced on September 29, 2006, thus rendering the action timely commenced.  Plaintiff's Post-Hearing Memorandum at 12.


A.      **Lack of Subject Matter Jurisdiction**.

When presented, as here, with a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim, the court first considers the question of its subject matter jurisdiction before deciding whether dismissal for failure to state a claim is required, because a lack of subject matter jurisdiction renders other potential grounds

for dismissal moot. *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990) (citing 5 Charles Alan Wright and Arthur Miller, FEDERAL PRACTICE AND PROCEDURE, § 1350 (1969))**.** An aggrieved federal employee's failure to comply with § 2000e-16(c), which requires the employee to file an action alleging employment discrimination under Title VII or the Rehabilitation Act[12] within 90 days "of receipt of final action taken by" the employee's federal employer, or by the EEOC "upon appeal from a decision or order of such department," § 2000e-16(c), deprives the district court of subject matter jurisdiction. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 94-95 (1990) (compliance with § 2000e-16(c) "is a condition of Congress' waiver of sovereign immunity").

Upon timely appeal to the OFO from an adverse decision by an EEOC administrative judge, in the absence of a final action by the relevant agency, 29 C.F.R. §1614.109(i), the final agency action for purposes of § 2000e-16(c) is the later of the OFO's decision on an appeal or upon a timely request to the OFO for reconsideration. 29 C.F.R. § 1614.05(b) (OFO decision final unless reconsideration requested); *see also Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 246 (3rd Cir. 1999) (federal employee's timely request for EEOC [OFO] reconsideration tolls the 90-day deadline for filing suit in federal court.). Here, the record establishes that (i) following the AJ Berry Decision on January 14, 2004, the Department failed to take final action on the EEO Complaint; (ii)

---

[12] Moore acknowledges that although his disability claim was pleaded under the ADA, Complaint at 1, as the federal government is not an employer under the ADA, *see* 42 U.S.C. § 1211(5)(B) (United States not an employer), this claim is cognizable only under the Rehabilitation Act. Plaintiff's Post-Hearing Memorandum at 1. Like Moore's Title VII claim, such claims are also subject to the same administrative exhaustion and limitations on filing actions pursuant to § 2000e-16(c). *See* 29 U.S.C. § 794a(a)(1); *Rivera v. Higman*, 157 F.3d 101, 103 (2d Cir. 1998).

Moore timely appealed the AJ Berry Decision to the OFO, Plaintiff's Exh. 7; Tr. II at 307, and, (iii) on July 6, 2005, Moore requested the OFO reconsider its June 8, 2005 adverse decision on Moore's appeal.  Plaintiff's Exh. 8; Tr. I at 224; Tr. II at 312-313, 341, 347.  The record also establishes that on September 8, 2005, the OFO issued its denial of the Request for Reconsideration and, based on its records for Moore's prior appeal of an earlier MSPB decision indicating Moore's address at 396 Edison Street, the OFO mailed copies of the denial to Moore at 396 Edison Street, to Laity at 43 Mosher Drive, and to the OGC at its Washington, DC address.  Tr. I at 225-26.  Thus, for purposes of meeting the prerequisites of § 2000e-16(c), the OFO denial constitutes the final agency action commencing the 90-day period within which Moore, following receipt, presumed or actual, of the denial, was required to file suit.  *See Holley,* 165 F.3d at 246.

In this Circuit, absent evidence of a later date of actual receipt, an addressee is presumed to have received a mailed document three days after the date of mailing. *See Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525 (2d Cir. 1996) ("normally it is assumed that a mailed document is received three days after its mailing.") (citing *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n. 1 (1984)) (*per curiam*); *Hoffenberg v. C.I.R.,* 905 F.2d 665, 666 (2d Cir. 1990) (properly addressed mail placed in the care of the United States Postal Service is presumed to have been delivered to addressee).[13]  *See also Akey v. Clinton County, N.Y.*, 375 F.3d 231, 235 (2d Cir. 2004) (notice of foreclosure by first-class mail "entitled to presumption" of receipt) (citing

---

[13]  The EEOC considers that documents are deemed received within five days of mailing.  29 C.F.R. § 1614.604(b).

*Meckel v. Continental Resources Co.*, 758 F.2d 811, 817 (2d Cir. 1985) (denial of receipt insufficient to overcome presumption)); *Dioguardi v. Rochester Laborers Pension Fund*, 317 F.Supp.2d 216, 219 (W.D.N.Y 2004) (Larimer, J.) (notice of plan time-period for commencing suit presumed received by plaintiff where plan produced direct testimony of mailing to plaintiff's correct mailing address and applying common law "rebuttable presumption that an item properly mailed was received by the address") (quoting *Konst v. Florida East Coast Ry. Co.*, 71 F.3d 850, 851 (11th Cir. 1996)) ("The 'presumption of receipt' arises upon proof that the item was properly addressed, had sufficient postage, and was deposited in the mail."); *Bronia, Inc. v. Ho*, 873 F.Supp. 854, 859 (S.D.N.Y. 1995) (evidence of mailing of notices by first-class mail sufficient to establish actual receipt despite fact that certified mailings were returned). The presumption, however, may be overcome by testimony or other admissible evidence. *Meckel,* 758 F.2d at 817 (to rebut presumption law requires evidence that regular mailing procedures were "not followed" or were "carelessly executed" rendering presumption "unreasonable" in circumstances); *Gardner v. Honest Weight Food Cooperative*, 96 F.Supp.2d 154, 158 (N.D.N.Y. 2000) (same).

Unless plaintiff's failure to timely commence an action pursuant to §2000e-16(c) is excused by the doctrine of equitable tolling, dismissal for lack of subject matter jurisdiction is mandatory. *See Irwin,* 498 U.S. at 93, 95-96 (absent defective pleading within statutory period of limitation or misleading conduct by adversary, attorney's absence from office causing late filing of action held not ground for equitable tolling and action dismissible for lack of subject matter jurisdiction (citing *Soriano v. United States*, 352 U.S. 270, 273-74 (1957)); *Kontos v. U.S. Dep't. of Labor*, 826 F.2d 573, 576 (7th

Cir. 1987) (holding time limits for filing employment discrimination claims against federal government create prerequisite to federal subject matter jurisdiction).

If Moore has not overcome the presumption of receipt, Moore's action is, on this record, unquestionably time-barred and Defendant's motion should, therefore, be GRANTED, the court accordingly addresses, at the threshold, Defendant's contention that Moore is presumed to have received the September 8, 2005 denial at 396 Edison Street no later than three days after it was mailed by the OFO to Moore at that address on September 8, 2005. Here, Barnhart credibly testified in detail regarding OFO mailing procedures utilized in processing the OFO's decisions on Moore's appeal including the OFO's denial of the Request for Reconsideration. Tr. I at 221-26. In particular, Barnhart explained the procedure OFO used to mail to Moore copies of the denial on September 8, 2005. Tr. I at 226. Significantly, a copy of the OFO denial along with its properly addressed envelope, contemporaneously post-marked, to the OGC in Washington was found in the OGC files for Moore's case, Tr. I at 226; Defendant's Exh. A at 8, as was a copy of the OFO's June 8, 2005 decision dismissing Moore's appeal. Defendant's Exh. A at 33. Although Barnhart's testimony at the hearing did not specify that Laity was also similarly mailed a copy of the denial at that time, Barnhart's Declaration ¶ 5, and the certificate of service for the OFO denial, Roach Letter I Exhs. A and B, respectively, so state. As two of the three mailing labels prepared by the OFO staff for mailing to Laity a copy of the denial remained on the mailing label sheet, Defendant's Exh. C to Roach Letter I, Barnhart's averment that one of the mailing labels for Laity was used by the OFO to mail a copy of the denial to Laity at the same time is thereby sufficiently corroborated by the physical, albeit circumstantial, evidence

in the record.  *See* Roach Letter I at 2, Defendant's Exh. B at 1.  The court notes that

Moore did not challenge Barnhart's competence to testify on these mailing procedures

and related records and failed to undermine Barnhart's credible testimony, along with

mailing records, in evidence, relating to Moore's appeal, establishing that the mailings

at issue were carefully effected using what OFO reasonably believed to be a current

and accurate address for Moore.

The uncontradicted evidence demonstrates that in mailing, on September 8,

2005, a copy of the denial to Moore, the OFO used the 396 Edison Street as the only

mailing address available to it based on its records, an address Moore agrees he used

in dealing with the OFO in connection with his 1998 MSPB appeal, Supplemental

Record at 21, and thus constituting a properly addressed mailing with sufficient first-

class postage.  As well, the weight of the evidence demonstrates a copy of the denial,

like the June 8, 2005 appeal dismissal, was properly addressed to Laity and mailed by

the OFO to him at his 43 Mosher Drive, Tonawanda, New York address.  As such, the

presumption of receipt three days after the mailing of the denial to them attaches to

both Moore and Laity, and neither has rebutted the presumptions by contradicting that

the mailings were made by OFO following its regular mailing procedures that were

properly followed and carried out by OFO staff using the correct mailing addresses then

available to them and which they had no reason to believe were then incorrect.  *See*

*Merkel*, 758 F.2d at 817.  Significantly, Laity conceded he did not specifically notify the

OFO of Moore's 77 Humber Avenue address in either the 2004 appeal or in the 2005

Request for Reconsideration.  Tr. I at 209; Tr. II at 307; Tr. I at 224; Tr. II at 313.  Thus,

where as here, the addressee, Moore, has failed to provide the sender, OFO, a

different current and correct mailing address, the mailing by the OFO must be deemed to have been correctly addressed and mailed, *Akey*, 375 F.3d at 235; *Dioguardi,* 317 F.Supp.2d at 219, and Moore has not provided any evidence to rebut the common law presumption of receipt. *Dioguardi, supra*, at 219.

The record reveals that Moore failed to meet his burden to rebut the presumption for several reasons. First, Moore's attempt to rebut the presumption was undermined by Moore's failure to produce any evidence corroborating his assertion that his address in 2004, when his OFO appeal was filed, and in 2005 when his appeal and the Request for Reconsideration were denied, was 77 Humber Avenue, such as a driver's license, utility bills, rent receipts, official or business letters addressed to him, or the testimony of persons such as neighbors, which could confirm Moore actually resided at 77 Humber Avenue during that time period or, earlier, when Laity attempted, unsuccessfully, to inform the EEOC New York District Office, beginning in 2003, of Moore's purported new address at 77 Humber Avenue. Significantly, at the hearing, Moore could not recall when he moved from 396 Edison Street to 77 Humber Avenue.

| | |
|---|---|
| Peterson: | What point in time did you leave 396 Edison Street? |
| Moore: | As far as the dates are concerned, I could not tell you. |
| Peterson: | And do you recall approximately when you moved to 77 Humber Street. Avenue? |
| Moore: | No, I'm sorry, I don't. |

Tr. I at 37.

Nor did Laity provide any direct evidence of the basis, other than what Moore told him, for his belief that Moore changed addresses as Laity claimed in his testimony. Tr. I at

76 (Laity: "The only way I would know that his address changed, would be if he notified me."); Tr. I at 78 (Laity: "I believe he [Moore] moved to 77 Humber . . . in 2001"). Further, as Laity never testified that he visited Moore at 77 Humber Avenue, (nor at any other of Moore's various residences with the exception of one of Moore's places of incarceration, Tr. I at 75-76), Laity's assertions in his writings to the EEOC and his hearing testimony, based on what Moore informed him, therefore constitute hearsay.[14] Moreover, Laity admitted that after Moore told Laity he had moved, there were "probably times when Mr. Moore did receive mail at 396 Edison." Tr. I at 95. Indeed, a careful review of Moore's testimony demonstrates that he never stated that he actually received mail addressed to him while residing at 77 Humber Avenue, particularly in the June through September 2005 period when OFO continued to use 396 Edison Street in mailing its denial to Moore. Thus, based on the evidence adduced at the hearing and related documents submitted in evidence by the parties, no evidence other than Moore's self-serving testimony supports the conclusion that Moore in fact resided at 77 Humber Avenue when, on September 8, 2005, the OFO mailed its denial to Moore at 396 Edison Street. Moore's status as a convicted felon, based on his conviction for assault, stolen property possession and fraud, Tr. I at 50, also justifies discounting his credibility on this issue. Fed.R.Evid. 609(a)(1). Accordingly, Moore has failed to rebut the presumption of receipt of the denial at that address.

While Laity maintained he did not receive a copy of the denial, he acknowledged

---

[14] Although not objected to by Defendant as inadmissible hearsay, the court may discount the probative value of such testimony. *See United States v. Reyes*, 302 F.3d 48, 57 (2d Cir. 2002) (court may discount trial testimony which "contains prohibited hearsay" on merits of post-trial motion) (citing *United States v. Rosenberg*, 195 F.2d 583, 596 (2d Cir. 1952) (trier of fact may consider hearsay admitted without objection)).

that two or three nurses aides providing medical assistance to his mother in 2005 who resided with him for that purpose had "access to the mail" and that he never instructed them not to take mail from his mail box. Tr. II at 267. Thus, the record supports an inference that the September 8, 2005 OFO denial was delivered to Laity's 43 Mosher Drive address, as was the dismissal of Moore's appeal in June 2005, and that the denial was received but mislaid by Laity or persons with access to Laity's mail after being delivered to Laity's home. Given that Laity had never previously claimed not to have received the numerous EEOC mailings to him at 43 Mosher Drive in this matter, the court finds it highly unlikely the U.S. Postal Service failed to effect delivery to Laity on this single occasion. As mere denials are insufficient to rebut the presumption, *Meckel*, 758 F.2d at 817, neither Moore nor Laity has rebutted the presumption in this case. Therefore, the court finds Moore has failed to rebut the presumption that he received a copy of the denial at 396 Edison Street, the last known address for Moore available to the OFO in the OFO files, thus rendering the instant action untimely, and, as such, Defendant's motion should be GRANTED on that ground.

Alternatively, should the District Judge find Moore has rebutted the presumption of receipt, the court turns to Moore's assertion of equitable tolling to excuse the otherwise tardy filing of the instant action, predicated on the contention that proper notice, and a copy, of the denial were not given to him, through no fault of his own. Plaintiff's Post-Hearing Memorandum at 14, It is Moore's burden to establish that the OFO's notice of the denial, on September 8, 2005, representing the final agency action, was not received by Moore for inequitable reasons in order to avoid the expiration of §2000e-16(c)'s 90-day period which commenced to run following the OFO's mailing of

the denial on that date. Moore bases this argument on his contention that he cannot be presumed to have received the OFO's September 8, 2005 mailing at 396 Edison Street, an address at which he had not resided since early 2001, but not later than early 2002, when he commenced a two-year period of state incarceration, and that because the OFO failed to mail the denial to his then current address at 77 Humber Avenue, as Moore asserts, of which Laity believed he, Laity, had previously given notice to the OFO, Moore's failure to commence the instant action within 90 days of such OFO mailing and presumed receipt in 2005 should be excused under the equitable tolling doctrine. Plaintiff's Post-Hearing Memorandum at 12-14; Plaintiff's Pre-Hearing Memorandum at 3-6.

The doctrine of "[e]quitable tolling allows courts to extend the statute of limitations beyond the time of expiration as necessary to avoid inequitable circumstances." *Johnson v. Nyack Hospital*, 86 F.3d 8, 12 (2d Cir. 1996) (citing *Bowers v. Transportacion Maritima Mexicana*, *S.A.*, 901 F.2d 258, 264 (2d Cir. 1990)). The doctrine is applied as "'as a matter of fairness' where a plaintiff has been 'prevented in some extraordinary way from exercising his rights, or h[as] asserted his rights in the wrong forum.'" *Id.* (quoting *Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 24 (2d Cir.), *cert. denied*, 474 U.S. 851 (1985)). "Equitable tolling requires a party to pass with reasonable diligence through the period it seeks to have tolled." *Id.* (citing *Dodds v. Cigna Secs., Inc.*, 12 F.3d 346, 350 (2d Cir. 1993) (equitable tolling will stay running of the statutory period "only so long as the plaintiff has exercised reasonable care and diligence" (internal quotation marks omitted)), *cert. denied*, 511 U.S. 1019 (1994); *accord South v. Saab Cars USA, Inc.*, 28 F.3d 9, 11-12 (2d Cir. 1994) (stating "a

plaintiff's failure to act diligently is not a reason to invoke equitable tolling" and plaintiff failed to act with due diligence by relying on attorney who, in turn, had relied on deputy sheriff to timely file complaint in clerk's office, and the deputy sheriff failed to commence Title VII action within 90 days of issuance of EEOC right to sue letter) (citing *Baldwin County Welcome Center*, 466 U.S. at 151); *Singletary v. Continental Illinois Nat'l Bank & Trust Co.*, 9 F.3d 1236, 1241 (7th Cir. 1993) (equitable tolling "permits a plaintiff to sue after the statute of limitations has expired if through no fault or lack of diligence on his part he was unable to sue before"). *See also Abraham v. Woods Hole Oceanographic Institute*, 553 F.3d 114, 119, 120-21 (1st Cir. 2009) (for equitable tolling to apply, "the plaintiff must show that circumstances beyond his or her control precluded a timely filing" and failing to inform EEOC of new mailing address following agency's rejection of plaintiff's Title VII charge does not establish grounds for equitable tolling of one-year filing requirement following EEOC mailing of right-to-sue letter to plaintiff's former address) (internal citations omitted). The party requesting equitable tolling bears the burden of establishing its applicability to the specific circumstances of the case. *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir. 2002). Lack of prejudice to the defendant if equitable tolling is granted is not a basis in itself for applying the doctrine. *Baldwin County Welcome Center,* 466 U.S. at 152. Because Congress's waiver of sovereign immunity against employment discrimination claims against federal agencies is involved, equitable tolling is "sparingly" extended. *Irwin*, 498 U.S. at 96; *Abraham*, 553 F.3d at 119 (equitable tolling available "in exceptional circumstances") (internal quotation marks omitted).

Courts have applied equitable tolling in several discrete circumstances including

where a claimant timely files a defective pleading, or has been "'induced or tricked by his adversary's conduct into allowing the filing deadline to pass,'" where a court has led a plaintiff to believe he had taken all necessary steps to comply with a limitations period requirements, where the claimant has "received inadequate notice" which commences running of an applicable statute of limitations requirement, or where a motion for appointment of counsel is pending. *South,* 28 F.3d at 11-12 (citing and quoting *Irwin,* 498 U.S. at 96 (footnotes omitted)). *See also Jenkins v. Potter*, 271 F.Supp.2d 557, 563-64 (S.D.N.Y. 2003) ("Courts have only granted equitable tolling where a claimant has been diligent *by filing a defective pleading*," (citing *South,* 28 F.3d at 11-12 (italics in original)), or "where there has been reasonable diligence *plus extraordinary circumstances*," (citing *Zerilli-Edelglass v. New York City Transit Authority*, 333 F.3d 74, 81 (2d Cir. 2003) (italics in original)), but failure to file appeal to OFO of agency final action within 30-day period required by 29 C.F.R. § 1614.405 because of union representative's delay in filing plaintiff's appeal not excused under equitable tolling doctrine, requiring dismissal). "Put simply, equitable tolling may be available when the plaintiff's failure to meet a deadline is someone else's fault . . . [but it] is not available when the claimant [him]self fails to exercise due diligence." *Dillard v. Runyon,* 928 F.Supp. 1316, 1325 (S.D.N.Y. 1996) (citing *South*, 28 F.3d at 11-12). Congressional procedural requirements, however, should not be ignored for lack of due diligence." *Harrison v. Potter*, 323 F.Supp.2d 593, 600-01 (S.D.N.Y. 2004) (quoting *Irwin*, 498 U.S. at 96). *Id.* On this record, the court finds Moore has failed to establish that commencement of this action well-past the 90-day period following his presumed receipt of the OFO denial in September 2005 at 396 Edison Street resulted from any

fault but his own and that of his representative.

The difficulty with Moore's attempt to demonstrate that responsibility for the erroneous mailing, as Moore asserts, of the OFO denial on September 8, 2005, the final agency action in this case, was that of the EEOC, particularly the OFO, and that Moore acted diligently to keep the OFO advised of his 77 Humber Avenue address, is that after becoming aware upon receipt of the AJ Berry Decision dismissing Moore's EEO Complaint that the EEOC had continued to use 396 Edison Street as Moore's address, neither Moore, nor Laity, as Moore's representative took any reasonable steps to advise the OFO, the unit of the EEOC to which Moore was required to appeal the AJ Berry Decision if he wished to do so, 29 C.F.R. § 1614(a) ("grievant may appeal an agency's final action or dismissal of complaint"), and, if necessary, obtain possible reconsideration, of Moore's alleged new address at 77 Humber Avenue in connection with Moore's appeal in 2004 to the OFO or Moore's 2005 Request for Reconsideration by the OFO.  Upon receiving the AJ Berry Decision, Laity was then aware that Moore's only potential for relief from the AJ Berry Decision was to appeal to the OFO pursuant to 29 C.F.R. § 1614.403(a), (d) (complainant required to appeal to OFO within 30 days).  Tr. II at 292.  Laity was also well-aware of the requirement of 29 C.F.R. § 1601.7(b), ("§1601.7(b)") that it is the complainant's responsibility to keep the EEOC informed of any change of address of the complainant.  *Id.*  The record demonstrates that Moore and Laity were reminded of this obligation by the written notice provided in the AJ Berry Decision that any appeal of the decision was to be filed with the OFO at its offices in Washington, DC.,  Plaintiff's Exh. 4 at 4, a fact of which Laity was then aware.  Tr. I at 114.

Thus, even if it is assumed that Moore, through Laity, as his representative, in connection with Moore's request for a hearing before an EEOC administrative judge, had initially provided the EEOC, at that time the EEOC's New York District Office, with notice that as of February 1, 2001, Moore's address was 77 Humber Avenue (assuming Moore in fact then maintained a residence at this address) and not 396 Edison Street as Moore claims, when Laity learned upon receipt of the AJ Berry Decision on January 14, 2004, Plaintiff's Exh. 4, that the EEOC, particularly its New York District Office and AJ Berry, had nevertheless continued to use 396 Edison Street as Moore's mailing address, and given Laity's intention to appeal to the OFO AJ Berry's dismissal of the EEO Complaint, it was incumbent on Laity, and Moore, as the party on whose behalf Laity acted,[15] to exercise diligence by taking reasonable steps to notify the OFO of Moore's correct address prior to the OFO's consideration of Moore's appeal.  The record establishes that Laity took no such steps; nor, more importantly, did Moore.  *See Abraham*, 553 F.3d at 120 (plaintiff's failure to provide EEOC with correct information of new address following plaintiff's move from address used when plaintiff filed Title VII charge with state agency investigating employment discrimination charges for EEOC in violation of §1601.7(b) as reason for filing complaint beyond 90-day period after EEOC's right-to-sue letter was sent to plaintiff at former address does not warrant equitable tolling); *Newsome v. American Nat'l Can Company*, 2001 WL 1555200, at *4 (N.D. Ill. Dec. 4, 2001) (EEOC mailing of right-to-sue letter to plaintiff's attorney's last known address imputes receipt to plaintiff at such address where attorney failed to

_____

[15] 29 C.F.R. § 1614.605(e) (complainant remains "at all times responsible for proceeding with the complaint" regardless of whether complainant has a designated representative assisting complainant) (underlining added).

notify the EEOC of new address thereby commencing running of 90-day period within which to sue) (citing *St. Louis v. Alverno College*, 744 F.2d 1314, 1316-17 (7th Cir. 1984) (citing §1601.7(b))). Even a cooperating state investigating agency's failure to forward plaintiff's address to the EEOC "cannot serve as an excuse for [plaintiff's] failure to provide the [new] Virginia address to the EEOC." *Abraham,* 553 F.3d at 120.

Where a "claimant has failed to provide a new address to the EEOC or take other reasonable measures to ensure receipt of [the notice of the new address], then the delay is caused by her own fault and the time period begins from the EEOC's delivery of the notice to the most recent address provided [to the agency] by claimant." *Newsome*, 2001 WL 1555200, at *4 (holding that complainant's attorney's failure to provide current mailing address attributed to complainant did not constitute ground for equitable tolling of delay between EEOC's unsuccessful attempt to send right-to-sue letter to attorney and complainant at an old address and commencement of action beyond 90-day period for Title VII action). *See also Adorno v. Lord & Taylor*, 1999 WL 759995, at *4 (S.D.N.Y. Sep't. 27, 1999) (where plaintiff moves but fails to inform EEOC of new addresses, no extension of 90-day period for commencement of action is available). On this record, the court finds that Moore, relying solely on Laity to act on his behalf in prosecuting his EEO Complaint and appeal to the OFO, except for a call to Laity to check on the status of the Request for Reconsideration, in February 2006, which caused Laity to communicate directly with the OFO about Moore's (or Laity's) lack of receipt of the denial well after the OFO denial was issued in September 2005, took no such action prior to the OFO's issuance of the denial. Tr. II at 270. As discussed, *infra*, neither did Laity.

Laity's statement in the certificate of service to the Response to the Notice of Intent, Plaintiff's Exh. 3 at 12, that 77 Humber Avenue was the correct address for Moore at that time was Laity's second attempt to appraise the EEOC of Moore's correct mailing address. Whether Laity's notice of the address change in Plaintiff's Exh. 1, dated February 1, 2001, was received by AJ Licht at the EEOC's New York District Office is questionable as no evidence verifies such receipt, Tr. II at 278-79, and Laity's testimony as to whether he prepared the notice in response to AJ Licht's January 8, 2001 acknowledgment order, Plaintiff's Exh. 13, or Billger's response to the order, Plaintiff's Exh. 14, received by Laity several days before he prepared and sent the notice is ambivalent as to whether Plaintiff's Exh. 1 was in response to AJ Licht's order, or Billger's response to it. Tr. I at 141-42. However, as noted, Discussion, *supra*, at 18-19, the issue in this case does not arise from Moore's failure to take action within any time period pertaining to consideration by an EEOC administrative judge of the EEO Complaint like AJ Licht or AJ Berry, constituting the final agency action upon the Department's failure to act within 40 days after the AJ Berry Decision; rather, the question is whether, following such administrative consideration by AJ Berry, Moore failed to provide his correct address to the OFO in connection with Laity's intended appeal to the OFO on Moore's behalf, thereby tolling the 90-day period, until resolution of the appeal, notwithstanding Laity's two, and possibly three, unsuccessful earlier attempts to cause the EEOC's New York District Office to note the change on its records for Moore's case, and whether any judicially recognized equitable considerations justify excusing such failure.

Moore's contention, Plaintiff's Post-Hearing Memorandum at 14, that informing

the EEOC administrative judges, initially AJ Licht and, subsequently, AJ Berry, of the new address constitutes compliance with § 1601.7(b) and negates any fault on Moore's part accounting for his not receiving the denial and commencing suit beyond the 90-day period following Moore's presumed receipt of the denial, fails for two reasons. First, 29 C.F.R. § 1601.3 (2006) defines the term "Commission" in § 1601.7(b) as "the Equal Opportunity Commission or any of its designated representatives." However, administrative judges are appointed by the EEOC to adjudicate employment discrimination complaints against government agencies. 29 C.F.R. § 109(a). Moore points to no authority establishing that an EEOC administrative judge is a "designated representative" of the EEOC. In contrast, the OFO is designated by law as the body within the EEOC that decides appeals in federal employment cases "on behalf of the Commission," 29 C.F.R. § 1614.404(a), and the OFO's decisions on appeal are issued "on behalf of the Commission." 29 C.F.R. § 1614.405(a). Thus, a notice of an address change to an EEOC administrative judge is not notice to the Commission as required by §1601.7(b). Moore cites no caselaw supporting a contrary conclusion. Rather, the required notice of a complainant's current address where an appeal is contemplated is to be made to the OFO, the specified arm of the EEOC charged with consideration of the appeal. *See Abraham*, 553 F.3d at 120-21 (plaintiff's failure to timely notify EEOC unit responsible for issuing right-to-sue letter of address not excused by cooperating state agency's failure to forward plaintiff's new address to EEOC unit) (citing *Ball v. Abbott Advertising, Inc.*, 864 F.2d 419, 421 (6th Cir. 1988) and *St. Louis v. Alverno College*, 744 F.2d 1314, 1316-17 (7th Cir. 1984) (noting that obligation to provide EEOC with address change information is "minimal")).

Here, in contrast to *Abraham*, where the complainant may not have understood the difference between the investigating state agency and the EEOC unit which determines to send the right to sue letter, 553 F.3d at 120 (plaintiff had no "initial contact with EEOC"), Laity was well aware that it was necessary that he keep the OFO informed of Moore's address changes. Tr. II at 292. Additionally, even assuming notice to an EEOC administrative judge at the hearing stage on an EEO complaint against an agency constituted notice to the Commission, where, as in this case, an attempt to provide notice of an address change is not readily discernible from a reading of the papers provided to the EEOC containing the new address information, AJ Berry (and certainly not the EEOC New York District Office or the OFO) was not required to locate and react to such information provided only in the certificate of service attached by Laity to the Response to Notice of Intent. Plaintiff's Exh. 3 at 12. *See St. Louis,* 744 F.2d at 1316-17. As the court in *St. Louis*, stated, "It is unreasonable to expect the EEOC to pore over files . . . in an effort to ascertain which of the addresses therein is correct." *St. Louis*, 744 F.2d at 1316-17. It was therefore not reasonable, nor diligent, for Laity to expect AJ Berry to notice and act upon the statement of the 77 Humber Avenue address for Moore noted in the certificate of service, prepared by Laity and attached to the Response to the Notice of Intent.

Nor, for the same reasons, did Laity's January 15, 2004 letter to AJ Berry, assuming it was sent and received, Plaintiff's Exh. 5, advising AJ Berry of Moore's correct address following receipt of the AJ Berry Decision, Plaintiff's Exh. 4, constitute Moore's compliance with § 1601.7(b). As discussed, Discussion, *supra*, at 34-35, notice to the AJ was not notice to the EEOC and, as noted, Discussion, *supra*, at 36,

Laity was aware that any appeal was to the OFO, an administrative appeals unit of the EEOC in Washington, D.C.  Tr. II at 292.  Thus, the court turns to whether Laity and Moore acted diligently by taking reasonable steps to notify the OFO of Moore's correct address at 77 Humber Avenue in connection with Moore's appeal to the OFO.  Based on the record, the court finds they did not.

First, 29 C.F.R. § 1614.403 advises complainants who intend to appeal an adverse decision by an AJ to use EEO Form 573 to taking such appeal (complainant "should use EEO Form 573").  *Id.*  EEO Form 573 requires the appealing complainant, like Moore, to provide his or her current mailing address.  Defendant's Exh. D at 1.  However, Laity, who was unfamiliar with EEO Form 573, Tr. II at 303-04, testified that because use of the form was not then a requirement of the OFO, he did not make use of it in processing Moore's appeal to the OFO.  Tr. II at 303.  Nevertheless, AJ Berry's decision directed Laity to MD-110 which advises complainants to utilize Form 573 which itself requires the appealing complainant to provide a current address in taking an appeal.  Thus, Laity, acting on Moore's behalf, failed to use an official EEOC form, specifically recommended by the EEOC and readily available to Laity, which, if used, would have presumably avoided the problem in this case.

Second, in preparing and filing his appeal with the OFO in 2004, Laity did not, instead of using Form 573, include in the appeal document, Plaintiff's Exh. 6, any reference to Moore's 77 Humber Avenue address because he believed the OFO then had in its file for Moore the 77 Humber Avenue address based on Moore's "interlocutory appeal" of the MSPB's November 1998 decision to the OFO filed by Laity.  Tr. II at 310; Tr. II at 308 ("they [the OFO] knew about his [77 Humber Avenue] address because of

the interlocutory appeal that I filed."). However, contrary to what has been established by the evidence as Laity's erroneous belief that the 77 Humber Avenue address was then contained in the OFO's files, Barnhart testified that because Moore's 2004 appeal papers directed to the AJ Berry Decision did not include a current mailing address for Moore, the OFO searched its records and discovered that Moore's "MSP [sic] mix [sic] case matter . . . had 396 Edison Street as the last known address [for Moore]." Tr. I at 210. Thus, although McCallum testified that because of an apparent oversight by AJ Berry, the EEOC's record for Moore's case as submitted to the OGC and OFO did not include the Response to the Notice of Intent, neither the OFO (nor the OGC) was alerted to Moore's new address, Tr. I at 182, 186, 188,[16] such failure does not provide a basis for equitable tolling. There is no indication in the record that this apparent oversight by the EEOC New York District Office, or AJ Berry, was intended to take advantage of Laity's expectation that the Response to Notice of Intent, including Laity's reference to Moore's 77 Humber Avenue address as stated in the certificate of service attached to the Response, would be made available to the OFO thus eliminating any need on Laity's part to use EEO Form 573 or to provide an unambiguous notice to the OFO of Moore's address at 77 Humber Avenue, contemporaneous with Laity's filing the appeal on March 3, 2004, Plaintiff's Exh. 6. Tellingly, neither Moore nor Laity so testified. Nor does such oversight excuse Laity's failure to include Moore's alleged new address in the appeal document to the OFO prepared by Laity for Moore as Laity testified he did not provide this information because he believed, erroneously, that the

_____

[16] According to McCallum, a similar oversight may have accounted for the fact that a copy of the AJ Berry Decision was mailed to Billger and not the Department's OEDCA as required. Tr.I at 156, 186.

77 Humber Avenue address was already lodged in the OFO's records for Moore's case based on the earlier MSPB interlocutory appeal, taken by Laity on Moore's behalf, in 1997-1998.

Where a party's adversary has caused a party to default on a filing deadline through deception or other similar conduct, courts have considered such factors as a basis for equitable tolling. *See Irwin*, 498 U.S. at 96 (trickery or inducement by adversary recognized basis for equitable tolling) (citing cases); *South* 28 F.3d at 11 (adversary's misleading of complainant as to filing requirement ground for equitable tolling) (citing *Villasenor v. Lockheed Aircraft Corp*., 640 F.2d 207, 207-08 (9th Cir. 1981) (*per curium*)). Here, the EEOC is not a defendant in the EEO complaint or this action and thus can not be considered as Moore's adversary. Therefore, any oversight by AJ Berry in failing to forward to the OEDCA Moore's complete file before AJ Berry, for eventual transmittal by the OEDCA to the OFO is not attributable to Defendant and provides no ground for Moore to invoke equitable tolling as the cause of the Department's (OEDCA) failure to comply with Management Directive 110 as such failure was AJ Berry's oversight, not a deceptive action by the Department. *See Vernon v. Cassadaga Valley Cent. Sch. Dist.*, 49 F.3d 886, 891 (2d Cir. 1995) (refusing equitable tolling thus barring action against school district employer filed more than 90 days after receipt of EEOC right-to-sue letter based on confusion as to exact required time limit arising from ambiguous phrasing in EEOC's right-to-sue letter, stating that where EEOC is not a defendant, it is "questionable whether its acts could lead to equitable tolling").

Although the records reflects several arguable missteps by the EEOC and the

Department in the processing of Moore's EEO Complaint and Moore's appeal to the OFO, including AJ Berry's failure to send his decision and file to the OEDCA, Billger's failure to send a copy of the decision to either the OGC or OEDCA, OGC's failure to investigate why AJ Berry's decision was not properly lodged with the OEDCA or included in its own files, and the OFO's failure to obtain and review the Response to Notice of Intent which made reference to the 77 Humber Avenue address, any of which, if it had not occurred, could conceivably have avoided the problem presented in this case, none, either alone or in combination, caused Laity or Moore to fail to directly provide the OFO with Moore's then supposed current address at 77 Humber Avenue. For example, no evidence suggests any purposeful effort by the Department to mislead Moore or Laity, or other Department conduct, that may have lulled them into reliance on the Department to have filed with the OFO the complete record before AJ Berry, including the Response to Notice of Intent, Plaintiff's Exh. 3, and Laity's January 15, 2005 letter to AJ Berry, Plaintiff's Exh. 5, referencing 77 Humber Avenue as Moore's address, the filing of which, under Management Directive 110, the Department had the responsibility. Facts, *supra*, at 12 n. 11. Instead, the record supports the conclusion that neither Moore nor Laity engaged in any reliance on the Department's full compliance with the Management Directive. As Laity explained

> Roach: So <u>once</u> <u>again</u> you were <u>relying</u> on the Office of Federal Operations to consult their [sic] <u>old</u> <u>records</u> and to figure out <u>from</u> <u>those</u> <u>records</u> what Mr. Moore's address was? Correct?
>
> Laity: Yes.

Tr. II at 308 (underlining added).

Moreover, because the reference to 77 Humber Avenue in the Response to the Notice of Intent is located, not in the body of the document, but in the certificate of service, the OFO could not be faulted for failing to react to it and for using it for mailing its decision to Moore even if OFO had received it. *See St. Louis*, 744 F.2d at 1316-17 (EEOC not required to sift through documents to find address information). Thus, the court finds it was not reasonable to expect that AJ Berry, or any administrative personnel who may have received the Response to Notice of Intent to consider the notation of 77 Humber Avenue on the last page of a twelve page document as Moore's address to be a formal notice of an address change. Indeed, Moore makes no such argument. Plaintiff's Post-Hearing Memorandum (*passim*). Significantly, even after being informed by Moore before February 2006, that Moore believed that he had not been receiving documents from the EEOC, Tr. II at 211, 247, neither Moore nor Laity took any immediate corrective action.

Although Laity asserted he attempted, unsuccessfully, to learn by telephone contacts with the OFO the status of the Request for Reconsideration, Tr. I at 128, for which no substantiation was provided, Tr. II at 322 (acknowledging that he had destroyed any notes he may have made documenting such conversations), these asserted contacts occurred well after the expiration of the 90-day period following September 11, 2005, *i.e.*, December 11, 2005, as did Laity's February 16, 2006 letter, Plaintiff's Exh. 10. Laity and Moore's past experience with the OFO in connection with Moore's 1996 Request for Reconsideration, filed by Laity, Facts, *supra*, at 6, of the OFO's September 12, 1996 decision, affirming the 1993 MSPB denial of Moore's appeal also negates a finding that their inquiries in February 2006 and subsequently,

about the status of the Request for Reconsideration, demonstrate diligence supporting equitable tolling. Specifically, Laity, on Moore's behalf, requested on September 20, 1996, the OFO reconsider its denial, Moore EEOC Decision at *1, which reconsideration, favorable to Moore, was granted by the OFO on December 6, 1996, some seventy-seven days later. As noted in this proceeding, Laity requested OFO reconsideration of its June 8, 2005 dismissal of Moore's appeal on July 13, 2005. Facts, *supra*, at 16-17; Plaintiff's Exh. 8. The OFO's denial of the Request for Reconsideration was issued on September 8, 2005, Plaintiff's Exh. 9, or fifty-seven days later.

Thus, based on Moore and particularly, Laity's, prior experience with OFO in regard to requesting reconsideration of an adverse decision by the OFO, a relatively short period, *i.e.*, seventy-seven days, for deciding Moore's Request for Reconsideration should have been expected, certainly by Laity, well before the time to sue on Moore's EEO complaint passed in December 2005, if Laity had made a more timely inquiry as to the status of the Request for Reconsideration. Therefore, that after Moore questioned Laity, in February 2006, concerning the status of his appeal, nearly eight months after the OFO dismissed the appeal in June 2005 and five months after it issued the denial in September 2005, Laity was sufficiently motivated to then contact, as Laity claims to have done, the OFO to ascertain the status of the matter, neither Moore's nor Laity's belated queries to the OFO, assuming they were in fact made, constitute reasonable diligence to avoid missing the 90-day limitations period mandated by § 2000e-16(c) sufficient to warrant application of equitable tolling in this case on account of those inquiries. As with Plaintiff's Exh. 5, Tr. I at 220-21, the OFO's records,

Defendant's Exhs. B & C, do not contain Plaintiff's Exh. 10, nor did Barnhart acknowledge it was received by the OFO.

Thus, despite the Department's failure to strictly comply with the Management Directive because it had not received a copy of AJ Berry's file, it was not required by the directive to do so and as Laity did not testify that he relied upon the Department to have taken these steps, such non-compliance provides no justification for invoking equitable tolling based on the administrative failures, assuming they occurred, revealed in the record. While McCallum opined that if these documents had been obtained, the 77 Humber Avenue address would have been located and noted by the OFO in processing Moore's appeal, Tr. I at 188, given the several administrative miscues in processing Moore's case that apparently occurred, the court is less certain. For example, notwithstanding that Laity asserted he wrote the OFO on February 16, 2006, Plaintiff's Exh. 10, regarding the status of the Request for Reconsideration, and indicated in a "cc" note, at the foot of the document, Moore's 77 Humber Avenue address, on August 6, 2006, OFO acknowledged Laity's July 24, 2006 letter, Plaintiff's Exh. 11, request for a copy of the denial, and nevertheless sent a copy of the denial to Moore at 396 Edison Street. Plaintiff's Exh. 12. Indeed, such mailing occurred even after Laity stated Moore's address to then be at 77 Humber Avenue in the body of his July 24, 2006 letter to OFO complaining about their failure to receive timely a copy of the denial. Plaintiff's. Exh. 11. Had such a direct and timely notification to the OFO been made during OFO's consideration of Moore's appeal and Request for Reconsideration, a much different case would be presented. Therefore, unless Moore or Laity served the OFO with a specific and direct address change notice, prior to when the OFO issued the denial on

September 8, 2005, it was unreasonable to rely on these indirect indications of such important information to effectuate a change in the OFO's address record for Moore, Tr. II at 339.

In response to Defendant's question that because Laity had "indicated the cc for Mr. Moore [at 77 Humber Avenue] that the recipient of this letter [OFO] was to track all of their [OFO's] records to make sure that, in fact the cc address we had here was the address that they [OFO] had in their files?", Tr. II at 339, Laity responded such expectation on his part was not "an unreasonable request." Tr. II at 340. The record shows, based on Laity's experience with his prior attempts to effect address changes for Moore other than by formal textually stated notices of new address information, denominated as such, that such an expectation was, in these circumstances, unreasonable. Thus, the court finds that McCallum's opinion that such an address change would have resulted had, for example, Moore's Response to Notice of Intent been included in the appeal file forwarded by the OEDCA to the OFO, to be based on well-intended speculation. Nor is there any merit in Moore's contention that he demonstrated proper diligence by providing a change of address notice to the U.S. Postal Service. Plaintiff's Post-Hearing Memorandum at 4-5. Rather, in his testimony, Moore could not say definitively that he filed such a change of address form. Tr. I at 56.

Moore cannot be excused from his obligations to comply with the address change notice requirements and the statutory obligation to timely file his claim based on his undisputable reliance on Laity to handle the administrative processing of Moore's EEO complaint, including Moore's appeal to the OFO at issue. As Moore testified, Laity is "like who I run to. He's been handling the case from day one." Tr. I at 35; *see also*

Tr. I at 38 (Moore informed EEOC of his address change to 77 Humber Avenue "through my representative"); Tr. I at 42 (Moore handed papers to Laity as his representative and Laity "walked them through every inch of it [the process]."); Tr. I at 45 (Moore would sign papers and Laity "would take care of it."); Tr. I at 53 ("I'm [Moore] not inclined to do this, which is why I let someone else handle it. Totally."). Laity testified that he acted on Moore's behalf because Moore "didn't want to deal with these papers [the EEO complaint proceedings]," Tr. II at 318, Laity considered he was acting as Moore's "agent." Tr. II at 321 ("I felt that I was Mr. Moore's agent."). As Laity stated, "I [Laity] was taking care of everything, or trying to. You know, and Mr. Moore didn't want to deal with any of the papers. He said don't – – you know, he didn't even want copies. But I would send him copies anyway." Tr. II at 351.

Such complete reliance upon a lay representative acting pursuant to 29 C.F.R. § 1614.605(a) is not recognized as a ground to apply equitable tolling to excuse the defaults by a representative, even those of an attorney, or a plaintiff's own failure to assure that actions prerequisite to suit were, in fact, taken on a plaintiff's behalf. *See Irwin*, 498 U.S. at 93-96 (plaintiff's lawyer's excusable neglect not basis to apply equitable tolling); *South*, 28 F.3d at 11-12 (plaintiff's attorney's reliance on third-party deputy sheriff to timely file case no ground for equitable tolling); *Jenkins*, 271 F.Supp.2d at 564 (union official's delay in making timely filing on behalf of plaintiff not excused as ground for equitable tolling). To the contrary, under the law, it was the responsibility of Moore, as the complainant and plaintiff in this action, not his representative, Laity, to provide the OFO with a current address that would have avoided the problem presented in this case. *See* §1601.7(b) (complainant responsible to keep EEOC and OFO Unit

45

informed of current address); 29 C.F.R. § 1614.605(e) ("Complainant shall <u>at</u> <u>all</u> <u>times</u> be responsible for proceeding with the complaint whether or not he or she has designated a representative.") (underlining added). If, as the cases hold, Discussion, *supra*, at 45-46, a retained attorney's error, whether through the attorney's own inaction or that of third-parties, is insufficient to support equitable tolling based on such error, the same result should all the more follow in circumstances, as in the present case, where the erroneous actions are on the part of a lay representative upon whose assistance a complainant has exclusively relied. To conclude otherwise would 'reward' errors by non-attorneys while 'punishing' those committed by or on behalf of attorneys. Such unsupportable inconsistency would, if accepted, undermine the equitable considerations that are inherent in the equitable tolling doctrine. Therefore, the court finds no reason to excuse Laity's failure to properly and timely notify the OFO of Moore's correct mailing address to Moore's detriment. Simply, Moore's excessive reliance on Laity was unreasonable and demonstrated a lack of diligence in his prosecution of the instant action making application of equitable tolling unwarranted. Accordingly, the record presents no ground to find that Moore or Laity was misled by the Department as to Moore's obligation in taking Moore's appeal to the OFO to provide direct and contemporaneous notice to the OFO of Moore's alleged new address at 77 Humber Avenue and that Moore's failure to receive the OFO denial was based on a lack of reasonable diligence on his, as well as Laity's, part.

At the hearing, Moore was unable to produce a copy of the interlocutory appeal documents to the OFO showing, as Laity testified, it included a statement of Moore's new address at 77 Humber Avenue, as Laity believed he did, Tr. II at 299-300, 310,

342, 344-45, 347, 357-58, 359, 364-65. However, such documents eventually were produced as part of the Supplemental Records provided to the court by Moore in June 2009. Background, *supra*, at 5. An examination of the documents shows, contrary to Laity's asserted recollection, that Moore's 1998 interlocutory appeal contained no reference to 77 Humber Avenue, or any other address for Moore. Supplemental Records at 11-14, 23, 26. The court, therefore, finds Laity's belief that such address information had been provided to the OFO to be in error on this key issue and that Laity knew, or reasonably should have known, that the most recent address for Moore the OFO had in its records was 201 Goulding Street (assuming the OFO had correctly transmitted this information to the OFO in 1998 pursuant to Laity's notice), not 77 Humber Avenue, or that the OFO records continued to list 396 Edison Street as Moore's address as it was at the time of Moore's prior OFO appeal of the MSPB decision, and which in fact was Moore's address for some period between 1998 and early 2001, if not, in fact, later.

This conclusion is supported by the fact that Laity's 1998 notice to the OFO, Roach Letter III Exh. A, indicated that Moore had changed his address to 201 Goulding Street and that the MSPB's certificate of service of its decision as then received by the OFO indicated Moore's address at the time Laity filed the interlocutory appeal was 396 Edison Street, Roach Letter II ¶ 1. As noted, Facts, *supra*, at 9-10, Moore later changed his address to 396 Edison Street and informed the EEOC New York District Office of this address when he requested a hearing in December 2000, a fact confirmed by the certificate of service in AJ Licht's order acknowledging Moore's request, Plaintiff's Exh. 13 at 6 (Certificate of Service stating Moore's address is 396 Edison

Street) and Laity's letter of January 15, 2004, several years later, to AJ Berry advising

of Moore's then new address, at 77 Humber Avenue, not 396 Edison Street as AJ Licht

and the EEOC had apparently been previously informed.  Plaintiff's Exh. 5.  Other than

Laity's uncorroborated assertions, no evidence in the record supports a finding that the

OFO records, related to Moore's interlocutory appeal of the 1998 MSPB mixed-case

decision, contained any reference to 77 Humber Avenue as a then correct mailing

address for Moore.  Supplemental Records 11-14, 23, 26.  The court therefore finds

that after 201 Goulding Street was provided to the OFO, as Moore's address, by Laity in

1998, neither Laity nor Moore ever provided to the OFO, before the OFO acted on

Moore's appeal and his Request for Reconsideration in 2005, any change of address

notice despite the fact that Moore unquestionably sometime thereafter, Tr. II at 287-88 (

Laity stated that Moore moved from 396 Edison Street in 2001) changed his address as

Laity, his representative, claims to have been well aware, and, as Moore now asserts,

to 77 Humber Avenue sometime in 2001.

      Finally, even if it could be found that Laity reasonably relied on his unsuccessful

attempts to notify the EEOC's New York District Office, specifically AJ Licht and AJ

Berry, of Moore's new address at 77 Humber Avenue, and his belief that such

constituted notice to the OFO, Laity's assumption, upon receiving the OFO's dismissal

of the appeal dated June 7, 2005 (Plaintiff's Exh. 7), that Moore had not received a

copy of the OFO decision, Tr. II at 311, 312, coupled with Laity's failure to take

corrective action by immediately advising the OFO of this alleged error, demonstrated

an inexplicable lack of diligence and unreasonable inaction with respect to Moore's

obligation to keep the OFO informed of Moore's correct mailing address negating any

claim of such reliance.  Specifically, according to Laity, because he had engaged in several prior but, apparently, unsuccessful attempts to notify the EEOC at its New York District Office, and AJ Berry as well, of Moore's 77 Humber Avenue address, and because Laity believed, erroneously, the OFO had been appraised of that address through the much earlier interlocutory appeal of the MSPB's mixed-case ruling in 1998, it was not necessary to provide more direct notice to the OFO of the 77 Humber Avenue address at that time.  Tr. II at 312-13.  Moore does not contend that either the Department or EEOC misled Laity to believe that such notice to AJ Berry constituted notice to the EEOC and, particularly, the OFO, Plaintiff's Post-Hearing Memorandum (*passim*); Plaintiff's Pre-Hearing Memorandum (*passim*), although Moore does argue that the appeal file should have contained Plaintiff's Exhibits 1 and 5.  Plaintiff's Post-Hearing Memorandum at 10; Plaintiff's Pre-Hearing Memorandum at 6.  Further, again despite Laity's assumption that OFO had failed to mail a copy of its June 8, 2005 decision to Moore at 77 Humber Avenue, a copy of which Laity received without difficulty, in seeking reconsideration by the OFO, Laity again failed to provide any notice to the OFO in the Reconsideration Request document, Plaintiff's Exh. 8, of Moore's alleged then correct mailing address.  Tr. II 313-14, 315.  As Laity frankly admitted

> Roach:      All right.  And did you consider advising the Office of
>             Federal Operations of the 77 Humber Avenue
>             address <u>when</u> <u>you</u> <u>submitted</u> <u>your</u> <u>request</u> <u>for</u>
>             <u>reconsideration</u>.
>
> Laity:      I felt it wasn't necessary . . . because they already
>             had it . . ..

Tr. II at 315 (underlining added).

No explanation by Moore has been offered to explain Laity's patently implausible

insistence that in 1998 the OFO was somehow aware of the 77 Humber Avenue address for Moore, when, according to Laity, Moore moved to that address in 2001, three years after the interlocutory appeal to the OFO was filed and, Tr. II at 287-88, after living at 398 Edison Street for several years. Although Moore lived at 77 Humber Avenue when he was discharged from employment at the hospital in May 1993, Court Exh. A, which is the basis of this action, nothing in the record suggests that address ever came into the OFO records for Moore's case until Laity's February 2006 letter to the OFO inquiring about the status of the Request for Reconsideration. Plaintiff's Exh. 10. Instead, the record reveals that while Moore resided at 77 Humber Avenue when he was discharged by the Department in May 1993, when Moore, on June 1, 1993, Court Exh. B at C-10, appealed to the MSPB the termination at issue in Moore's EEO Complaint, his address had changed to 1395 E. Delavan Avenue in Buffalo, and Moore acknowledged he had resided at this address, Tr. I at 47. Court Exh. B at Certificate of Service. Thus, even if Laity conflated, mistakenly, his later 1998 appeal to the MSPB with Moore's 1993 MSPB appeal immediately following his termination, a matter handled by Moore's attorney at that time not Laity, neither proceeding referred to 77 Humber Avenue as Moore's then mailing address.

Laity's additional attempts to explain why he had not taken further steps to assure that the OFO had an accurate address for Moore when he petitioned for reconsideration by the OFO in June 2005 establish that Laity failed to do so because he presumed such notification to the OFO would have been futile based on his lack of success in notifying AJ Berry of the 77 Humber Avenue address, Tr. II at 312 (". . . how many times [do] I have to notify them [EEOC]. They've been notified half a dozen times

already."), and that as he, Laity, received, without incident, the OFO's decisions on Moore's case as Moore's representative, it was not necessary that Moore also receive copies of the decisions. Tr. II at 319 ("because I was . . . writing the responses . . . as long as I received them [notices and official documents from the EEOC] Mr. Moore was in a safe harbor."). Given that his contacts with the EEOC New York District Office manifestly demonstrated to Laity, if not to Moore, some difficulty in providing notice of the 77 Humber Avenue address to the AJ Berry and the EEOC New York District Office, a more reasonable response to this substantive problem called not for less diligence in assuring direct and formal notification to the OFO in filing Moore's appeal and Moore's subsequent Request for Reconsideration, but more. As courts have noted, keeping the EEOC, in this instance, the OFO, accurately informed of a complainant's address presents a "minimal burden." *Abraham*, 553 F.3d at 121 (citing *St. Louis*, 744 F.2d at 1316-17). Thus, Laity's failure to provide direct notice to OFO of Moore's 77 Humber Avenue address because of his prior difficulties in advising the EEOC New York District Office was ill-advised.

Additionally, as the prerequisite to suit runs from the date of receipt of a notice of the final agency action by the complainant, § 2000e-16(c); 29 C.F.R. §1614.407(a) (complainant, as relevant, may initiate Title VII and Rehabilitation Act suit "[w]ithin 90-days of receipt of the final [agency] action."), in this case, the date of OFO's denial, *see* Discussion, *supra*, at 20-21, Laity's belief that because he expected to receive all notices of the EEOC and, in particular, the OFO's actions, and would timely act upon them thus creating "a safe harbor" for Moore, Tr. II at 319, was based on an apparent misunderstanding of applicable law regarding accrual of the § 2000e-16(c) 90-day

period for commencing suit, as well as assumptions – Laity's receipt of the notices and his acting timely on them – that carried serious risk to Moore's ability to prosecute his claims in this action. Thus, the "harbor" for Moore that Laity considered his status as Moore's representative had created, including Moore's ability to defeat Defendant's statute of limitations bar to this action, predicated on Moore's lack of receipt of the denial, was anything but "safe."

Accordingly, on this record, the court finds that Moore has failed to overcome the presumption that the OFO's mailing of its September 8, 2005 denial was made to Moore at 396 Edison Street, the last known address for Moore on file with the OFO, using regular mailing procedures correctly by the OFO in processing Moore's appeal and Request for Reconsideration, and, in any event, that any fault for the fact that Moore did not thereby receive notice of the denial (assuming Moore to have rebutted his presumed receipt at that address) was solely the result of unreasonable assumptions and a surprising lack of diligence by Laity demonstrated by Laity's failure to provide the OFO direct notice of Moore's alleged current mailing address at 77 Humber Avenue, particularly after Laity received complaints from Moore that Moore had not been receiving notices and decisions from the EEOC admittedly causing Laity to presume that Moore had not received notice of the OFO actions on his appeal, described in the record, while acting with Moore's complete acquiescence, as Moore's representative.

It is difficult to understand Laity's objectively unreasonable assumptions and failures in handling the appeal to the OFO of Moore's EEO Complaint given its unusual administrative history but, regrettably, that is what Laity did, and Moore is now bound by

these errors.  *See New York University v. First Financial Ins. Co.,* 322 F.3d 750, 753 at

n. 2 (2d Cir. 2003) (stating general rule is that knowledge acquired by an agent acting

within the scope of his agency is imputed to his principal and the latter is bound by such

knowledge even though the information is never actually communicated to it).

Significantly, on this latter issue, Moore does not argue otherwise.  Therefore, equitable

tolling is unavailable to excuse Moore's asserted lack of notice of the OFO's denial on

September 8, 2005, in order to toll the applicable 90-day period, commencing

September 11, 2005, three after its mailing, *Sherlock*, 84 F.3d at 525-26 ("Normally, it is

assumed that a mailed document is received three days after its mailing." (citing

*Baldwin*, 466 U.S. at 148 and n. 1)), within which Moore was required to initiate this

action, thus depriving the court of subject matter jurisdiction.  *Irwin,* 498 U.S. at 93, 95-

96 (citing cases); *Kontos*, 826 F.2d at 576 (citing cases).


### B.      Failure to State a Claim.

Should the District Judge find that the instant action is not barred for lack of

subject matter jurisdiction based on Defendant's motion pursuant to Fed.R.Civ.P.

12(b)(1), alternatively, Defendant's motion pursuant to Rule 12(b)(6) for failure to state

a claim should treated as one seeking summary judgment on the ground Plaintiff's

action is time-barred under § 2000e-16(c), as discussed, Discussion, *supra.*

"Rule 12(d) of the Federal Rules of Civil Procedure provides, 'If, on a motion

under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not

excluded by the court, the motion must be treated as one for summary judgment under

Rule 56.  All parties must be given a reasonable opportunity to present all the material

that is pertinent to the motion.'"  *Hernandez v. Coffey*, 582 F.3d 303, 307 (2d Cir. 2009)

(quoting Fed. R. Civ. P. 12(d)).  Thus, a district court properly converts a motion to

dismiss for failure to state a claim into a motion for summary judgment "when the

motion presents matters outside the pleadings, but the rule requires that the court give

'sufficient notice to an opposing party and an opportunity for that party to respond.'"

*Hernandez*, 582 F.3d at 307 (quoting *Groden v. Random House, Inc.*, 61 F.3d 1045,

1052 (2d Cir. 1995) (holding district court properly converted motion to dismiss for

failure to state a claim into summary judgment motion where nonmoving party had

sufficient notice motion might be converted given motion alternatively sought summary

judgment, and nonmoving party had opportunity to, and did, present evidence outside

the pleadings)).  Nevertheless, "formal notice is not required where a party 'should

reasonably have recognized the possibility that the motion might be converted into one

for summary judgment [and] was [neither] taken by surprise [nor] deprived of a

reasonable opportunity to meet facts outside the pleadings.'"  *Id*. (quoting *Villante v.*

*Dep't of Corrections of City of New York*, 786 F.2d 516, 521 (2d Cir. 1986) (bracketed

material in original)).  *See Reliance Insurance Company v. Polyvision Corporation*, 474

F.3d 54, 57 (2d Cir. 2007) (holding district court could consider allegations and exhibits

outside the pleadings in resolving motion to dismiss for failure to state a claim without

giving explicit notice it was converting motion to summary judgment where nonmoving

party knew court was considering additional factual submissions, responded with its

own evidentiary submissions, and did not object to the procedure).  A *pro se* litigant,

however, "must have 'unequivocal' notice of the meaning and consequences of

conversion to summary judgment." *Id*. at 307-08 (quoting *Beacon Enters., Inc. v.*

*Menzies*, 715 F.2d 757, 767 (2d Cir. 1983)).

In the instant case, although Defendant moves to dismiss under Rule 12(b)(1), for lack of subject matter jurisdiction or, alternatively, under 12(b)(6), for failure to state a claim, both parties submitted for the court's consideration, exhibits either with the motion papers, *see*, *e.g*, Pre-Hearing Exhibits filed October 30, 2007, by Defendants (Pre-Hearing Exhs. A - G, Doc. No. 23), and by Plaintiff (Plaintiff's Pre-Hearing Exhs. 1-6, Doc. No. 25), or at the evidentiary hearing, *see*, *e.g.*, Plaintiff's Exhibits 1 - 11, and 13 -15, and Defendant's Exhibits A - D. Because such exhibits are outside the pleadings, Rule 12(d) requires the court convert the Rule 12(b)(6) motion to a Rule 56 motion seeking summary judgment. Rule 12(d); *Hernandez*, 582 F.3d at 307. Moreover, because Moore is not proceeding *pro se* but, rather, is represented by *pro bono* counsel, the court may consider the fact that both Plaintiff and Defendant submitted numerous exhibits in support of its motion as giving notice of the possibility the motion would be converted to summary judgment. *Reliance Insurance Co.*, 474 F.3d at 57. That Moore submitted exhibits in opposition to Defendant's motion, and that both parties submitted exhibits, both in the initial motion papers and at the evidentiary hearing and post-hearing at the court's request, establishes Plaintiff was not deprived of a reasonable opportunity to meet the facts presented in Defendant's evidence outside the pleadings. *Id*. Accordingly, both parties had sufficient notice, based on the numerous exhibits submitted in the motion papers, as well as at and following the evidentiary hearing, that the court would be required to convert Defendant's motion, insofar as the motion seeks, in the alternative, dismissal for failure to state a claim, into a request for summary judgment, and Defendant's motion's

alternative request pursuant to Fed.R.Civ.P. 12(b)(6) should be converted to a motion for summary judgment for the reasons discussed, *supra,* and, as such, GRANTED.


II.     **Motion to Appoint Counsel**.

As Moore as been assigned *pro bono* counsel, Moore's motion to appointment of counsel, Doc. No. 22 ("Motion to Appoint Counsel"), is DISMISSED as moot.


**CONCLUSION**

Based on the foregoing, Defendant's motion to dismiss (Doc. No. 9) pursuant to Rule 12(b)(1) should be GRANTED; alternatively, Defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) should be treated as one seeking summary judgment and, as such, GRANTED.  Plaintiff's motion to appoint counsel (Doc. No. 22) is DISMISSED as moot.


SO ORDERED, as to Plaintiff's motion to
appoint counsel,

    /s/ *Leslie G. Foschio*
_____
        LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE


                                    RESPECTFULLY SUBMITTED,

                                        /s/ *Leslie G. Foschio*
                          _____
                                      LESLIE G. FOSCHIO
                          UNITED STATES MAGISTRATE JUDGE


Dated  March 25, 2010
        Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE


DATED:      March 25, 2010
            Buffalo, New York